All right, our next case for argument is 24-2380 Shelton v. Collins Good morning and may it please the court. My name is Caitlin Pearson on behalf of claimant appellant Michael Shelton The veterans court legally erred by incorrectly interpreting 38 CFR section 4.16 a To allow reliance on evidence unlinked to the relevant period For a claim of total disability based on individual unemployability or TDIU Can you tell me let's just actually look at 4.16 a if you don't mind and tell me what portion of the regulation they misinterpreted What's the exact one is it that is language, what is the exact language that you're hinging your regulatory interpretation question on Yes, your honor. That is the is the verb tense of the regulation. It asks whether the veteran is Unable to secure or follow a substantially gainful occupation or whether the veteran is marginally employed That present tense language anchors the inquiry to the time for which the TDIU is sought Thus under the correct interpretation of section 4.16 a the focus of the TDIU analysis is the claim period Okay, but you you don't disagree that the question that This regulation is getting to is is the person unable to work is the person disabled. Yes, that's correct So, how did they interpret that language wrong? I'm just where I'm not I'm not seeing the Misinterpretation of that language. It's not like they said well, let's consider a different time period Did they or is that what you're saying that they're there can by effectively allowing evidence that came in either before or after It's somehow isn't tethered exactly to that time period But that is essentially what we're saying your honor that by considering this evidence from in this case 20 years before the time period And not linking it to the claim period that was the misinterpretation of the regulation Well, no see now you just moved because your your your interpretation of is Understood you to say means not nothing that isn't contemporaneous can be considered. Is that right? No, that's that's not correct your honor we don't disagree that there can be language or evidence from outside of the claim period that can inform the TDIU analysis can inform the analysis of whether you are Disabled at a particular point in time. That's correct. So that so that how are they misinterpreting that regulation? That's what I'm still not getting you agree that evidence that comes from a different time period Can inform whether you are in a TDIU status on a particular time period? That's the legal standard legal standard is the time period and you're saying yes evidence does not have to be contemporaneous But you're saying but this evidence because it came 20 years earlier is no bueno And so that feels like application of law the fact to me. It does not feel like a legal question. I And the Veterans Court acknowledged that the evidence was from 20 years before the claim period and They relied on it purely because it was the only evidence in the record They did not even attempt or make a logical link between the evidence and the claim period It's that that lack of reasoning that lack of link between the evidence in the time period that that's the misinterpretation of the regulation here if you look at the the Veterans Court's decision they affirmed the board's The board's analysis the board's reliance on this 20-year outdated financial evidence Regardless of how outdated the information may have been that interpretation allowing the board to rely on any evidence Regardless of any link to the relevant period is the misinterpretation of the regulation in this case How do you contend the regulation should be interpreted? the regulation Here again, the focus is the claim period so Again, we're not asking for a per se rule that would exclude any evidence outside of the claim period. That's Not what the regulation requires But the regulation requires a link that somehow Links evidence from outside the claim period to the TDIU Time period in this case 2021 so If if the board had made a logical link Beyond saying this is the only evidence in the record. We're going to rely on it if they had somehow linked that evidence to 2021 that would satisfy that would be Because This is not a question of of what evidence is relevant It's a question of what the regulation allows the board to rely upon what evidence the regulation Correct we're not saying the word can't rely on it We're just saying that they did not make the link necessary for the board to rely or for them to rely on it To deny mr. Shelton's claim The boards and the veterans courts incorrect interpretation of section 4.16 a renders its decision Legally erroneous and insufficient under 38 USC section 7104 Mr. Shelton therefore asked this court to vacate the decision below and remand to the veterans court with instructions to remand the case to the board To consider mr. Shelton's claim consistent with the correct interpretation of section 4.16 Again this is not a factual dispute. Mr. Shelton does not ask this court to relay evidence or determine whether he was Marginally employed as a matter of fact Instead he challenges the veterans courts legal interpretation of section 4.16 a Specifically what evidence may lawfully be relied upon in a TDIU analysis under 38 USC section 7292 see that question what the regulation allows the board to rely upon is squarely within this court's jurisdiction As explained before the evidence relied upon by the board to deny mr. Shelton's claim predates the claim by two decades Predates the decline and closure of mr. Shelton's business and predates the functional limitations the board itself acknowledged The board made no logical link between the evidence from 2001 and mr. Shelton's income in 2021 In fact, their only reasoning for relying on this evidence to deny. Mr. Shelton's claim was that it was the only annual income data in the record The veterans court affirmed that reasoning holding it permissible to rely on the evidence Quote regardless of how outdated the information may have been That holding misinterprets section 4.16 a it converts a regulation focused on current employability Into one that allows denial of benefits based on historical earning capacity divorced from the period relevant to the claim under the correct interpretation of section 4.16 a Evidence outside the claim period may be relied upon only if it sheds light on the veterans ability to secure or follow substantially gainful employment Or the veterans earning capabilities during the relevant period the board must make a logical link Between the evidence that relies upon and the claim period This court can only review the decision in front of it the board here did not make a link between the 2001 evidence and The claim period basically they should have said more in their decision They if they were gonna look at this evidence, they should have explained why they thought evidence from 20 years ago was relevant Yes, that's correct. You know, we cannot assume that the board correctly applied the regulation at the expense of the veteran here it it seems clear that Their reliance was solely based on the fact that it was the only evidence of record I mean, I don't want to be a broken record, but why is that not again? application of law to fact such as outside our jurisdiction Yes, your honor Again, this is this is not challenging the whether this evidence was relevant it's challenging the fact that the board didn't link the evidence to the claim period and so as As such it can't be relied upon in the analysis at all I mean, I guess it feels like it's kind of a separate requirement that you're hypothesizing Which is the obligation to have a reason decision that explains the application of the regulation because it seems like you're now you're saying actually It's fine to consider this if they explain why they think it's relevant Um What we're challenging here is the fact that they they're relying on on evidence that Without a logical link has no bearing on the claim period at all So the missing link in their analysis renders the decision legally faulty under the regulation Because the regulation requires again a focus on the claim period in this case 2021 Um The board here did not make that link and we cannot assume that the board correctly applied The regulation without that link at the expense of the veteran Thus we request that the the discord Vacate the decision below and remand the case to the veterans court with instructions to remand to the board to further consider Mr. Shelton's claim under the correct interpretation of 4.16 a Okay. Thank you counsel. Thank you I Please the court This court lacks jurisdiction over this appeal which is predicated upon a challenge to how the board weighed evidence regarding. Mr Shelton's employment even if there is jurisdiction the veterans court didn't commit any legal error in affirming the veterans claim There are no jurisdiction over any of the arguments that mr Overriding question of substantially gainful employment. It's a factual question how the board weighed evidence is a factual question whether to some of the questioning the end whether the whether the board provided a reasoned explanation or an appropriate explanation is a reasons or Basis challenge that the veterans court has jurisdiction over but this court doesn't So for all those reasons there is no there is no jurisdiction What is your response to opposing counsel's argument that there really is a regulatory interpretation issue here? So our response is I think we agree that the focus of the of the board should be the TDIU period But to decide what whether mr Shelton is employable during the TDI view period the board can look at the editor. The board must look at the whole record here The way and in a way the board's trying to help. Mr. Shelton because the predicate or the the central assertion in his application, which is an appendix 1325 Is that he stopped working in September 2018. He's asked to list all his employment He doesn't list anything after September 2018. The board looks at the record and says hold on a second. That's not correct He was telling the VA and then the context of medical appointments that he was continuing to work in 2021 2020 2021 so so the board says that the the Essential element of his application is not right. We're not going to stop there, though To my question though what I heard opposing counsel argued was that there's a Regulatory interpretation issue over which we should assert jurisdiction. I think you're saying that it's not the case But if so, can you directly there's an agreement on the essential point that the regulation directs the focus of the inquiry to The PDIU claim period is this person? Unemployable as of the date that they're filing their TDIU application. We all agree on that but the the next step I think and I think we agree on the next step to which is that the board looks at The whole all of the evidence in the record to decide whether the person is unemployable So we agree on the two regulatory interpretation points. The next step is well How does that apply to the facts of this case is this evidence in the record? You know, where does it fall in that scheme the board found it to be relevant? I'm trying to explain why that is which is that there's no other evidence in the record that really bears on this question Except for the statements of mr. Shelton, which the board found to be incorrect So in terms of what the parties disagree on that's pure application of a lot of fact That's something the court doesn't have jurisdiction over And just to go a little further if the court if there any questions on jurisdiction besides what I've said already If not on the merits You know another piece of in addition to there being no other evidence for the board to rely on Mr. Shelton in his application said he wasn't looking for other work So all he says is that his business closed down and he wasn't looking for other work So under those facts, it's gonna be really hard to make out a claim for TDIU In any event which which may inform part of what the board's approach is here There are no further questions we ask the court dismiss the appeal Thank You. Mr. Carhart Miss Pearson To be clear we do not disagree that the porch must consider the entire record But here we disagree with the point made by mr Carhart that the board considered evidence in the record that bears on the question There was no link that the board made between the evidence and the relevant period to indicate that the evidence bears on the question Without that link. There is a misinterpretation of the regulation. We cannot assume that the board Correctly interpreted the regulation without making that link between the evidence and the relevant period And thus we ask that this court vacate the decision and remand to the board consistent with Section four point one six a there are no further questions. I think both counsel case has taken under submission